10-3933-bk
In re: Old Carco LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand eleven.

PRESENT: DENNIS JACOBS,
                          Chief Judge,
        GUIDO CALABRESI,
        DENNY CHIN,
                          Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
SCOTIA MOTORS INC., et al.,

        Movants-Appellants,

        -v.-                                          10-3933-bk

OLD CARCO LLC, aka CHRYSLER LLC, aka CHRYSLER ASPEN, aka CHRYSLER TOWN & COUNTRY, aka CHRYSLER 300, aka CHRYSLER SEBRING, aka CHRYSLER PT CRUISER, aka DODGE, aka DODGE AVENGER, aka DODGE CALIBER, aka DODGE CHALLENGER, aka DODGE DAKOTA, aka DODGE DURANGO, aka DODGE GRAND CARAVAN, aka DODGE JOURNEY, aka DODGE NITRO, aka DODGE RAM, aka DODGE

**SPRINTER, aka DODGE VIPER, aka JEEP, aka JEEP COMMANDER, aka JEEP COMPASS, aka JEEP GRAND CHEROKEE, aka JEEP LIBERTY, aka JEEP PATRIOT, aka JEEP WRANGLER, aka MOPAR, aka PLYMOUTH, aka DODGE CHARGER,**

        **<u>Debtor-Appellee</u>.**

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**    Leo Donofrio
                         Stephen W. Pidgeon
                         Thomas Alan Holman
                         Pidgeon & Donofrio GP
                         Everett, WA

**FOR APPELLEE:**     Brett J. Berlin
                         Jeffrey B. Ellman
                         Beth R. Heifetz
                         Kevyn Duane Orr
                         (Corinne Ball, *on the brief*)
                         Jones Day
                         New York, NY

Appeal from decision by the United States District Court for the Southern District of New York (Hellerstein, J.) affirming an order of the United States Bankruptcy Court for the Southern District of New York (Gonzalez, C.J.) denying Appellants' motion for reconsideration.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's decision is **AFFIRMED**.

Appellants are automobile dealers whose dealership contracts with Chrysler were terminated by Chrysler as part of its bankruptcy and restructuring.  They moved the Bankruptcy Court for the Southern District of New York to reconsider its decision to allow Chrysler to exclude these contracts from the assets it sold to Fiat and to then reject these contracts after the sale under 11 U.S.C. § 365.  We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

A motion to reconsider a judgment must be rejected if "there was an opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original

action." <u>Leber-Krebs, Inc. v. Capital Records</u>, 779 F.2d 895, 899 (2d Cir. 1985) (internal quotation marks omitted). Appellants present no evidence or arguments in this collateral attack that could not have been presented in a timely appeal from the bankruptcy court's original decision. Having failed to appeal from that decision, Appellants may not now attack it collaterally absent newly discovered evidence of fraud on the court. No such evidence has been presented, so Appellants' motion to reconsider was properly denied.

As to the merits of Appellants' claims, they are utterly frivolous. We reject these claims on the merits for substantially the same reasons set forth by the district court below.

The bankruptcy court and the district court correctly concluded that there was no fraud on the court. As a result, we hereby **AFFIRM** the district court's decision affirming the bankruptcy court's denial of Appellants' motion to reconsider.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK

3